UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK BARTON, | ) |
| Movant, | ) |
| v. | ) No. 4:05CV1019(CDP) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Mark Barton to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1].

**Background**

On May 11, 2001, movant pleaded guilty to one count of possessing methamphetamine with intent to distribute. See United States v. Barton, No. 4:01CR46(CDP) (E.D. Mo.). On October 18, 2001, movant was sentenced to 78 months imprisonment, 4 years supervised release, and a special assesment of $100.00. Id. Movant did not appeal either his conviction or his sentence. This Court's records indicate that movant has not previously sought § 2255 relief with respect to this conviction and sentence.

**The motion**

Movant alleges that his conviction and sentence are invalid under the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). Movant also asserts several other claims including that he was denied effective assistance of counsel.

**Discussion**

Title 28 U.S.C. § 2255 now provides that a one-year period of limitations applies to § 2255 motions. Because movant did not appeal his initial conviction and sentence, he had until approximately October 28, 2002, to file a § 2255 motion. The instant § 2255 motion was not filed until June 28, 2005. Therefore, the instant § 2255 motion is time barred.

Movant apparently contends that his motion falls under § 2255(3) which provides that the limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3). Movant would presumably argue that Booker - issued in 2005 - announced a new rule which is retroactively applicable to cases on collateral review and, therefore, extends the period for the filing of his initial § 2255 motion.

This argument, however, is without merit. In Never Misses A Shot v. United States, 413 F.3d 781 (8th Cir. 2005), the Eighth Circuit Court of Appeals held that Booker does not retroactively apply to criminal cases that became final before Booker was announced. Therefore, the instant § 2255 motion is time barred.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1] is **DISMISSED**, without prejudice.

An appropriate order shall accompany this memorandum and order.

Dated this 23rd day of September, 2005.

*[signature]*
**UNITED STATES DISTRICT JUDGE**